```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
RICHARD JOHNSON,
                         Plaintiff,          12 Civ. 1631 (JGK)

            - against -                      MEMORANDUM OPINION AND
                                              ORDER
WARDEN-OBCC-CPSU, ET AL.,

                         Defendants.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The Court has received the attached letter, which it forwards to the Plaintiff.

The defendant asserts that the plaintiff is no longer incarcerated, and that the plaintiff has failed to update the Court or the defendant with his contact information.

"The case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute." Laney v. Ramirez, No. 10 Civ. 9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (collecting cases); see generally LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) [of the Federal Rules of Civil Procedure] also gives the district court authority to dismiss a plaintiff's case . . . for failure to prosecute."). The docket sheet indicates that the plaintiff has received mail at the Ulster Correctional Facility, 750 Berme Road, P.O. Box 800, Napanoch, NY 12458.

The plaintiff should confirm his address for the Court by June 7, 2012. If the plaintiff fails to confirm his address by that, the plaintiff's case may be dismissed without prejudice for failure to prosecute.

The defendant's time to move or answer is stayed until June 21, 2012.

SO ORDERED.

Dated:   New York, New York
         May 8, 2011

/s/ John G. Koeltl
John G. Koeltl
United States District Judge



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JEFFREY DANTOWITZ
phone: (212) 788-0939
fax: (212) 788-8877
(not for service)

May 7, 2012

**VIA FAX**
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
MAY 07 2012
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

    Re:  Johnson v. Warden - OBCC - CPSU
          12 Civ. 1631 (JGK)

Dear Judge Koeltl:

        This office represents defendants Warden OBCC and Deputy Warden Ramos[1] in this action in which Plaintiff, a former inmate of the New York City Department of Correction ("DOC"), alleges that the facility Warden, a Deputy Warden and the legal coordinator violated his constitutional rights because (i) he was not provided certain books from the jail's law library, (ii) "social services" has contacted him only once and failed to follow-up with sick family members, (iii) his grievances were not addressed, (iv) two of his letters were not mailed, and he was not provided free stationary and envelopes, (v) he did not receive hot food, (vi) only 50 razors were issued each week for 100 inmates, (vii) no announcements were made for medical/sick call or for "recreation run." Defendants Warden OBCC and DW Ramos write to seek a pre-motion conference with respect to their anticipated motion to dismiss.

        On April 9, 2012, Plaintiff was transferred to State custody and subsequently was released from incarceration. Plaintiff, however, has not yet notified the Court or Defendants of his current location. Should he desire to proceed with this action, Defendants anticipate moving to dismiss the Complaint on the following grounds: (i) Plaintiff did not pursue all the required levels of the DOC grievance procedure and therefore failed to exhaust his administrative

---

[1] Defendant Riddick has not yet been served but likely will be represented by this office should she so request.

remedies, (ii) Plaintiff cannot bring suit for conditions to which he was not personally subjected, (iii) Plaintiff failed to allege the personal involvement of the Warden and Deputy Warden Ramos, (iv) Plaintiff fails to state any cognizable constitutional claim and (v) Plaintiff is not entitled to injunctive or compensatory relief. Each of these is discussed below:

### 1. Failure to Exhaust

It is well-settled that a plaintiff must pursue all the required levels of DOC's grievance procedure before maintaining suit. Plaintiff here alleges that, although he filed a grievance, he received no response. The grievance procedure, however, clearly requires an inmate who has not received a response to seek a hearing. Indeed, courts have noted that the City DOC's grievance procedure, unlike the State DOC's procedures, explicitly places the burden on the inmate to request a formal hearing if he has not received a response to his grievance within five days of filing the grievance. See Rivera v. Anna M. Kross Center, No. 10 Civ. 8696, 2012 U.S. Dist. LEXIS 15126, at *14-15 (S.D.N.Y. Feb. 7, 2012) (distinguishing between City and State procedures). Further administrative steps also are described. See Piper v. City of N.Y., No. 02 Civ. 1708, 2004 U.S. Dist. LEXIS 29214, at *8 (S.D.N.Y. Mar. 17, 2004). While Plaintiff may have sent a letter to the Board of Correction (the last step in the process), he did so on the very date his Complaint is dated, and without first proceeding through the interim steps. Accordingly, he failed to exhaust, and his Complaint should therefore be dismissed. Marcello v Dep't. of Corrections, No. 07 Civ. 9665, 2008 U.S. Dist. LEXIS 60895, at *5 (S.D.N.Y. July 30, 2008) (dismissing complaint for failure to exhaust where it appeared from the face of the complaint that "plaintiffs abandoned the prescribed grievance procedures after their initial grievance forms failed to produce any results").

### 2. Lack of Standing

Although the Complaint includes a litany of complaints, there is no specific allegation that Plaintiff was deprived of a razor, or suffered any consequence of not being advised of medical/sick call or "recreation run." In addition, Plaintiff also appears to be asserting a claim on behalf of his family members, when he alleges that "social services" failed to follow up with sick family members. Plaintiff, however, has no standing to assert claims on behalf of others, or to seek relief on their behalf. See Akro Investicni Spolecnost v. A.B. Watley, 2003 U.S. Dist. LEXIS 3478 (S.D.N.Y. Mar. 12, 2003) ("A party must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'") (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975).

### 3. No personal involvement of Warden OBCC or Deputy Warden Ramos

Where a plaintiff fails to allege how a particular defendant was personally involved in any of the action or inaction that led to a violation of the plaintiff's constitutional or federal rights, dismissal as to that defendant is warranted. Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). Here, the Complaint contains absolutely no allegations against Deputy Warden Ramos, warranting dismissal as against him. Carrasquillo v. City of N.Y., 324 F. Supp. 2d 428, 435 (S.D.N.Y. 2004) (dismissing complaint against individuals who were named as defendants but not mentioned at all in body of complaint); McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) ("It is well-settled that where the complaint names a defendant in the

2

caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (internal quotations omitted).

Additionally, the only allegation against defendant Warden OBCC is that this defendant was "notified" of the conditions of which Plaintiff complains. Such a bare allegation, however, is insufficient to demonstrate that this Defendant was personally involved in the alleged constitutional deprivations, as it contains no facts demonstrating his involvement in the complained-of conduct. See Garcia v. Watts, No. 08 Civ. 7778, 2009 U.S. Dist. LEXIS 84697, at *51-52 (S.D.N.Y. Aug. 27, 2009) (compiling lengthy case law); Johnson v. Wright, 234 F. Supp.2d 352, 363 (S.D.N.Y. 2002)( "[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." (internal quotation marks omitted, collecting cases).[2] Accordingly, the Complaint also should be dismissed as against this defendant. Collins v. Goord, 438 F. Supp. 2d 399, 420 (S.D.N.Y. 2006) (dismissing plaintiff's claims against defendant Department of Correction Commissioner because plaintiff did not sufficiently allege personal involvement).

### 4. No constitutional violation

Plaintiff's other allegations fail to state a constitutional violation. First, Plaintiff claims he was not provided books he requested from the law library, apparently contending that this deprived him of access to the courts. However, he has not alleged any facts showing that defendants took any action to hinder him from pursuing a valid legal claim, or actually interfered with his access to courts or prejudiced an existing action. See Herrera v. Scully, 815 F. Supp. 713, 725 (S.D.N.Y. 1993) (emphasis added, citations omitted); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). As Plaintiff has not alleged any facts demonstrating that he suffered any actual injury, his claim should be dismissed. Lewis v. Casey, 518 U.S. 343, 353 (1996) (plaintiff must "show that a non-frivolous legal claim was frustrated or impeded due to the actions of prison officials" in order to survive a motion to dismiss).

Plaintiff's allegations concerning the conditions of his confinement also fail. To allege a constitutional violation based on these conditions, Plaintiff must allege both (i) that he suffered an objectively serious deprivation and (ii) that officials who caused the harm, acted or failed to act with a sufficiently culpable state of mind, i.e., with "deliberate indifference to inmate health or safety." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002).

To satisfy the objective prong of his claim, Plaintiff must allege that he was denied "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 346 (1981), including the "basic human needs" of "food, clothing, shelter, medical care and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993) (internal citation and quotation

---

[2] Plaintiff's allegation that Defendants failed to address his grievances fails to state a claim for this reason, as well.

3

omitted). See Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006), aff'd, 309 Fed. Appx. 535 (2d Cir. 2009). Plaintiff's allegations, however, fall far short of meeting this standard.

Plaintiff's claim that his outgoing mail was not sent out on two occasions does not give rise to a cognizable claim. Indeed, the Southern District recently dismissed a similar claim finding it to be a de minimus deprivation. See Edwards v. Horn, 2012 U.S. Dist. LEXIS 18424, at * 23-24 (S.D.N.Y. Feb. 14, 2012), adopted, 2012 U.S. Dist. LEXIS 30968 (S.D.N.Y. Mar. 8, 2012). Plaintiff's claim that he received no hot food is similarly unavailing. See Leach v. Dufrain, 103 F. Supp.2d 542, 547 (N.D.N.Y. 2000) (holding that denial of hot food to inmate for two-month period as discipline for misconduct was not cruel and unusual punishment, absent showing of nutritional inadequacy or immediate danger to inmate's health and well-being).

Plaintiff's allegations with respect to the razors and no medical/recreational announcements are simply too sparse to demonstrate a constitutional violation. Not only is there no indication that Plaintiff himself was personally affected by these conditions, there is no description as to the nature of the deprivation, its duration or the consequences. The lack of factual allegations is sufficient basis on which to dismiss the Complaint. See Locicero v. O'Connell, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (pro se litigants must allege facts sufficient to indicate that they were deprived of a constitutional right). Thus, dismissal of a pro se complaint is still appropriate where the plaintiff fails to allege facts supporting his claim to relief. Rodriguez v. Wepin, 116 F.3d 62, 65 (2d Cir. 1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Plaintiff's claims, while perhaps disagreeable, do not constitute the denial of "the minimal civilized measure of life's necessities." While Plaintiff may find these conditions to be undesirable, they do not support a viable claim. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.")

Moreover, Plaintiff's allegations do not satisfy the subjective prong of his claim, which requires facts demonstrating that defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Branham v Meachum, 77 F.3d 626, 631 (2d Cir. 1996) (plaintiff must show that prison official (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995)). The Complaint should be dismissed on this further basis

### 5. No injunctive or compensatory relief

In his Complaint, Plaintiff requests injunctive relief to "enforce a procedure that will demand that inmates confined in CPSU at OBCC receive all mandated services." Complaint at § V. However, although he has not so advised the Court, Plaintiff has been transferred out of G.R.V.C (the facility in which the alleged deprivations took place) and, in fact, was transferred to State custody on April 9, 2012 and subsequently released from custody. "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." Sweeper v. Taylor, 383 Fed. Appx. 81, 82 (2d Cir. 2010) (citing Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) and Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008)). Thus, Plaintiff's claim for injunctive relief is moot.

Plaintiff also is not entitled to compensatory damages. Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Here, however, Plaintiff seeks monetary damages "for the mental anguish" he endured. Complaint at § V. Nowhere, however, does Plaintiff allege that he incurred any physical injury. In the absence of any physical injury, his claim for compensatory relief is barred. See Wright v. Miller, 973 F. Supp. 390, 396 (S.D.N.Y. 1997) (holding that prisoners could not recover damages for solely mental anguish under the PLRA).

Based on the foregoing, Defendants Warden OBCC and DW Ramos seek a pre-motion conference to dismiss Plaintiff's Complaint. However, as Plaintiff has been released from custody, Defendants respectfully request that no schedule be set until Plaintiff advises the Court of his new address and thereby indicates his intention to pursue this action. Additionally, as Defendants Warden OBCC and DW Ramos do not know Plaintiff's current location, we are sending this letter to the address indicated on the docket and his last known State facility.

Thank you for your consideration of the foregoing.

Respectfully submitted,

Jeffrey S. Dantowitz
Assistant Corporation Counsel

cc: Richard Johnson
825-12-00511
NYC DOC -- AMKC
18-18 Hazen Street
East Elmhurst, NY 11370

Richard Johnson (09-A-2284)
Ulster Correctional Facility
750 Berme Road
P.O. Box 800
Napanoch, New York 12458-0800